UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Hollywood Fashion Tape, Inc.,                    Civil File No. _____

        Plaintiff,

v.

Beauty Union Global Ltd.,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Hollywood Fashion Tape, Inc. for its Complaint against Defendant Beauty Union Global Ltd. states and alleges as follows:

### THE PARTIES

1.      Plaintiff Hollywood Fashion Tape, Inc. ("HFT") is a Minnesota corporation with its principal place of business located at 219 North Second Street, Suite 310, Minneapolis, MN 55401.  HFT sells personal care products and clothing accessories on its website, hollywoodfashionsecrets.com, and through various retailers in the United States.

2.      Upon information and belief, Defendant Beauty Union Global Ltd. ("Beauty Union") is a Chinese company with its principal place of business at Unit B, 19/F, Federal Center, 77 Sheung on Street, Chai Wan, Hong Kong.

## JURISDICTION AND VENUE

3.      This is an action for declaratory judgment of non-infringement of United States Patent No. 8,079,388 (the "'388 patent") arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.      Upon information and belief, the Court has personal jurisdiction over Beauty Union based on its sales of products in the State of Minnesota.  Beauty Union sells its Travalo® refillable perfume spray through national retailers located in Minnesota, including Target, Walgreens, and Macy's.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.      An actual controversy exists between HFT and Beauty Union regarding infringement of the '388 patent.

## BACKGROUND

### HFT's Perfume Atomizer Product

7.      HFT sells the Perfume Atomizer shown below.



8.      HFT does not manufacture the Perfume Atomizer.  Instead, HFT purchases the Perfume Atomizer from a domestic broker named EmpireEMCO, which is located in New York.

9.      EmpireEMCO sourced the Perfume Atomizer for HFT from an overseas factory for domestic distribution.

10.     HFT did not provide any specifications or instructions with respect to the design of the Perfume Atomizer.

### The '388 Patent

11.     Beauty Union is the owner by assignment of the '388 patent, which is entitled "Refill Perfume Bottle."  The '388 patent was issued by the United States Patent and Trademark Office ("USPTO") on December 20, 2011.  A true and correct copy of the '388 patent is attached as Exhibit A.

12.     According to USPTO assignment records, the named inventor assigned the application for the '388 patent to Beauty Union on May 20, 2010.

13.     The '388 patent has only one independent claim, which is reproduced below:

> 1.      A portable refillable non compressible liquid dispenser adapted to receive non-compressible liquid from a bottle provided with a spraying means having a stem through which the non-compressible liquid is dispensed , the portable refillable non-compressible liquid dispenser consisting of a body having an upper portion with a first opening and a bottom portion with a second opening,
>
> > wherein the first opening has a vaporizer mechanism for dispensing non-compressible liquid received in the refillable dispenser, said vaporizer mechanism comprising a tube positioned within the dispenser, a pump communicating with the tube, and a nozzle

communicating with the pump, through which nozzle the non-compressible liquid is sprayed in an outward direction; and

wherein the second opening has a refill mechanism comprising a check valve adapted to receive the stem of the bottle so that when the stem is pushed through the check valve, the check valve is open to and receives the non-compressible liquid through the refill mechanism from the spraying means of the bottle and when the stem is withdrawn from the check valve, the check valve is closed to prevent leakage of the non-compressible liquid.

*See* Ex. A at col. 4, lns. 28-49.

## **Beauty Union's Infringement Allegations**

14.     On May 23, 2014, counsel for Beauty Union sent a cease and desist letter to HFT's CEO, accusing HFT's Perfume Atomizer of infringing the '388 patent.  A true and correct copy of the May 23 letter is attached as Exhibit B.

15.     In the letter, Beauty Union demanded, among other things, that HFT "cease and desist all further sales and offers for sale of its refillable perfume atomizers that infringe the '388 patent . . . ."  *See* Ex. B at 1.

16.     Beauty Union closed its letter by threatening the following:

Unless we receive confirmation of compliance with the above demands and receive the information requested by May 30, 2014, we have been authorized by Beauty Union to take all necessary steps to enforce its Patent against Hollywood Fashion Secrets.

*Id*. at 2.

17.     On May 30, 2014, counsel for HFT responded, clarifying that HFT was not aware of the '388 patent before receiving Beauty Union's letter and explaining that more time was needed to investigate Beauty Union's infringement allegations.

18.     Beauty Union wrote to HFT again on June 10, demanding that HFT "confirm by June 17, 2014, that HFS will cease and desist its infringement of Beauty Union's Patent No. 8,079,388, and provide the remaining information sought in my letter."  A true and correct copy of the June 10 letter is attached as Exhibit C.

19.     Again, Beauty Union threatened that "[u]nless we receive such confirmation of compliance as well as the requested information by that date, we have been authorized by Beauty Union to take all necessary steps to enforce its patent against HFS."  *See* Ex. C.

20.     HFT responded three days later, explaining that based on its preliminary investigation, the Perfume Atomizer does not infringe the '388 patent.  HFT also clarified that it does not manufacture the Perfume Atomizer and identified EmpireEMCO as the entity from which HFT purchases the accused product.

21.     The following week, counsel for HFT and Beauty Union spoke by telephone and both parties proposed potential resolutions of this matter.  Beauty Union immediately rejected HFT's proposal.

22.     Shortly thereafter, Beauty Union sent cease and desist letters to retailers of HFT's Perfume Atomizer.

23.     In its letters to HFT's retailers, Beauty Union represented that HFT's Perfume Atomizer infringes the '388 patent, and the retailers' importation, sale, and offer for sale of the Perfume Atomizer in the United States constitutes patent infringement.

24.     Beauty Union's letters to retailers also represented that Beauty Union had provided previous notice of infringement to HFT and EmpireEMCO and demanded that the retailers immediately stop offering for sale or selling HFT's Perfume Atomizer.

25.     Beauty Union threatened to enforce the '388 patent against the retailers if they continue to offer for sale or sell HFT's Perfume Atomizer.

### HFT's Non-Infringement of the '388 Patent

26.     As set forth in paragraph 13 above, claim 1 of the '388 patent requires a check valve "adapted to receive the stem" of a perfume bottle so that the check valve opens when the stem is "pushed through" the check valve.

27.     The check valve in the HFT Perfume Atomizer does not interact with the stem of the perfume bottle in this manner.  When refilling HFT's Perfume Atomizer, the stem of the perfume bottle is not "pushed through the check valve" or "withdrawn from the check valve," as required by the '388 patent.

28.     For this and other reasons, HFT's Perfume Atomizer does not infringe the '388 patent.

### Actual Controversy Between HFT and Beauty Union

29.     Based on Beauty Union's continued allegations of infringement and threats to "take all necessary steps to enforce its patent," an actual controversy exists between Beauty Union and HFT with respect to infringement of the '388 patent.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

30.     HFT restates and realleges each of the allegations set forth in preceding paragraphs as if fully set forth herein.

31.     HFT has not infringed and is not infringing the '388 patent.

32.     HFT is entitled to a declaratory judgment of non-infringement of the '388 patent.

## EXCEPTIONAL CASE

33.     This is an exceptional case entitling HFT to an award of its attorneys' fees incurred in connection with prosecuting and defending this action pursuant to 35 U.S.C. § 285.

## JURY DEMAND

34.     HFT demands a jury trial for all claims so triable.

## RELIEF REQUESTED

WHEREFORE, HFT asks the Court to:

1.     A judgment declaring that HFT has not infringed and is not infringing any valid claim of the '388 patent, and that HFT has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '388 patent;

2.     A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding HFT its costs, expenses, and reasonable attorneys' fees; and

3.     An award of such other and further relief the Court deems just and proper.

Dated: July 10, 2014

/s/ Lora M. Friedemann
Lora M. Friedemann (#259615)
lfriedemann@fredlaw.com
Laura L. Myers (#387116)
lmyers@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Phone: (612) 492-7000
Fax: (612) 492-7077

**ATTORNEYS FOR PLAINTIFF
HOLLYWOOD FASHION TAPE, INC.**

50916964_1.DOC